56 CCPA

### Application of COLGATE–PALMOLIVE COMPANY.

### Patent Appeal No. 8095.

United States Court of Customs and Patent Appeals.

March 6, 1969.

Nims, Halliday, Whitman, Howes & Collison, New York City, for appellant; Bert A. Collison, Thomas A. Kain, New York City, Joseph F. Brisebois, Washington, D. C., of counsel.

Joseph Schimmel, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, ALMOND and BALDWIN, Judges.

WORLEY, Chief Judge.

Appellant's application [1] to register the mark "CHEW 'N CLEAN" for "Dentifrice" has been refused by the Trademark Trial and Appeal Board [2] which stated:

\* \* \* Moreover, it is an established principle of law that the question of whether or not a given mark is merely descriptive cannot be considered in the abstract but must be considered in connection with the particular goods to which it is applied. \* \* \* When so considered, it is our opinion that "CHEW 'N CLEAN" immediately and directly relates the information that applicant's dentifrice is a product that will clean the teeth when it is chewed, and is therefore merely descriptive of the intended use thereof. If this is not in fact the case, as asserted by applicant, the mark is then deceptively misdescriptive of the goods and equally prohibited registration under the provisions of Section 2(e) (1) of the Act.

---

1. Serial No. 144,336, filed May 11, 1962.

2. Reported at 151 USPQ 587 (1966).

Whether or not registration to applicant would prevent others from using the words "chew" and "clean" in their normal descriptive sense is not believed to be determinative of the question herein.

With due respect to the board's reasoning, we are unable to agree that the instant mark is so descriptive of the *goods* to which it is applied as to preclude registration. Granted that "CHEW 'N CLEAN" might well, and doubtless does, suggest a possible manner of use of the dentifrice, it is not merely *descriptive* of the dentifrice *per se.*

We note the board's statement that if the mark is not merely descriptive, "the mark is then deceptively misdescriptive of the goods." We do not think that necessarily follows. The board gives no reason for its conclusion, and we are aware of none.

The decision is reversed.

Reversed.